2007R00793
DM/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | Honorable Jose L. Linares, U.S.D.J. |
| *Plaintiff*, | Criminal No. 09-69 |
| v. | AMENDED CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE |
| CHRISTOPHER CURANOVIC | |
| *Defendant.* | |

**WHEREAS**, on February 4, 2009, the United States filed an Indictment against Christopher Curanovic (hereinafter "Defendant"), charging him with conspiracy to conduct financial transactions involving proceeds of specified unlawful activity, that is the distribution and importation of controlled substances, knowing that the transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds, and while conducting and attempting to conduct such financial transactions knowing that the property represented the proceeds of some form of unlawful activity, contrary to 18 U.S.C. § 1956(a)(1)(B)(i), and conspiracy to engage in monetary transactions in criminally derived property of a value greater than $10,000.00, that was derived from specified unlawful activity contrary to 18 U.S.C. § 1957(a), all in violation of 18 U.S.C. § 1956(h); and

**WHEREAS**, on January 19, 2011, the defendant pled guilty to the Indictment; and

**WHEREAS**, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of an offense in violation of 18 U.S.C. § 1956 or 18 U.S.C. § 1957, shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property; and

**WHEREAS**, pursuant to the plea agreement the defendant agreed to forfeit the following property:

a. $300,000.00 in United States currency;

b. All money and funds held in Key Bank Account Number 371971024240;

c. All money and funds held in Key Bank Account Number 371972042951;

d. All money and funds held in Citibank Account number 17052587;

e. All money and funds in Citibank Account number 17052640; and

f. 1999 Bentley, Vehicle Identification Number SCBLB51E2XCX02220; and

**WHEREAS**, the $300,000 the defendant agreed to forfeit was money used in an undercover operation and given to him prior to his arrest. The defendant

has returned $92,000 of the $300,000 he received as undercover buy money with a balance now due of $151,278.22; and

**WHEREAS**, by virtue of the above, the United States is now entitled to all right, title and interest in the following:

    a.    $151,278.22 in United States currency, as the remaining balance of the $300,000 described above;

    b.    $5,669.35 in funds from Citibank account number 17052587;

    c.    $51,052.43 in funds from Citibank account number 17052640; and

    d.    1999 Bentley, Vehicle Identification Number SCBLB51E2XCX02220,

(hereinafter the "Property"); and

**WHEREAS** the United States was advised after the entry of the plea agreement that the funds the defendant agreed to forfeit from Key Bank account numbers 371971024240 and 371972042951, are no longer available. The two Key Bank accounts were closed in December 2008; and

**WHEREAS** defendant acknowledges that the Property was involved in an offense in violation of 18 U.S.C. §§ 1956 and 1957, that it constitutes property, real or personal, involved in such offense, and any property traceable to such

property, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1); and

**WHEREAS**, the defendant agrees that payment of $151,278.22 shall be paid in full, prior to sentencing to the United States Marshal Service for the District of New Jersey; and

**WHEREAS** the defendant agrees to forfeit the Property, waives all interests in and claims to the Property, and hereby consents to the forfeiture of the Property to the United States; and

**WHEREAS** the defendant:

(1) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property;

(2) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment;

(3) Acknowledges that he understands that forfeiture of the Property will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(4)     Will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(5)     Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described above;

(6)     Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment; and

(7)     Agrees to cooperate in resolving third-party claims in favor of the United States,

and for good and sufficient cause shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the Property as listed below:

a.  $151,278.22 in United States currency;

b.  $5,669.35 in funds from Citibank account number 17052587;

c.  $51,052.43 in funds from Citibank account number 17052640; and

d.  1999 Bentley, Vehicle Identification Number SCBLB51E2XCX02220,

is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 982(a)(1), for disposition in accordance with the provisions of 21 U.S.C. § 853 as incorporated by 18 U.S.C. § 982(b)(1); and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in any of the above-listed property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT** the aforementioned forfeited property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

**THAT** it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described above, if the Property or any portion thereof, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

**THAT** upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

The undersigned hereby
consent to the entry and
form of this order:

PAUL J. FISHMAN
United States Attorney

_____  Dated: 8-9-11
By: David Malagold
Assistant United States Attorney


_____  Dated: 4/24/11
DAVID OAKLEY, ESQ.
Attorney for Defendant Christopher Curanovic

-8-